IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| HANOVER AMERICAN INSURANCE COMPANY A/S/O CHRISTIAN EDUCATION INC./ EZELL-HARDING CHRISTIAN SCHOOL 440 Lincoln Street Worcester, MA 01653           Plaintiff v. DILLINGHAM & SMITH MECHANICAL AND SHEET METAL CONTRACTORS D/B/A "DILLINGHAM & SMITH" 2311 Kline Line Avenue Nashville, TN 37211 and CARRIER CORPORATION One Carrier Place Farmington, CT 06032           Defendants | CIVIL ACTION CASE NO:_____ JURY TRIAL IS DEMANDED COMPLAINT |

## COMPLAINT

Plaintiff, by and through its attorneys, brings this Civil Action and by way of this Complaint against Defendants avers as follows:

## PARTIES

1. Plaintiff is an insurance company with a principal place of business at 440 Lincoln Street, in Worcester, MA.

2. Upon information and belief, Defendant DILLINGHAM & SMITH MECHANICAL AND SHEET METAL CONTRACTORS D/B/A "DILLINGHAM & SMITH" ("D&S") is a Tennessee corporation or a Tennessee limited liability company with a principle place of business at 2311 Kline Line Avenue, in Nashville, TN.

3. Upon information and belief, at all times relevant and material hereto, Defendant D&S was in the plumbing, heating, air conditioning, HVAC/R, and preventive maintenance business.

4. Upon information and belief, Defendant CARRIER CORPORATION ("Carrier") is a Delaware corporation with a principle place of business at One Carrier Place, in Farmington, CT.

5. Upon information and belief, at all times relevant and material hereto, Defendant Carrier was a manufacturer and distributor of heating, ventilating and HVAC systems.

## JURISDICTION AND VENUE

6. There is complete diversity of citizenship between Plaintiff and all Defendants.

7. The amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. § 1332.

8. Jurisdiction is vested with this Court under 28 U.S.C. § 1332.

9. Pursuant to 28 U.S.C. § 1391, venue is proper within this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. Upon information and belief, at all times relevant and material hereto, all Defendants had minimum contacts with the State of Tennessee and/or where engaged in activities that permit this Court to exercise personal jurisdiction over the Defendants.

## GENERAL ALLEGATIONS

11. Prior to January April 10, 2012, Plaintiff issued a policy of insurance to Christian Education, Inc. d/b/a Ezell-Harding Christian School ("School"), insuring its real and business property located at 574 Bell Road in Antioch, County of Davidson, State of Tennessee ("Property").

12. On April 10, 2012 the Property was seriously damaged because of a fire accident.

13. Upon information and belief, the fire originated inside a PTAC (packaged terminal air conditioner) unit that was located inside one of the School's classrooms.

Page 2 of 9

Case 3:13-cv-01078 Document 1 Filed 10/02/13 Page 2 of 9 PageID #: 2

14. Prior to April 10, 2012, the School hired Defendant D&S to install, service, maintain, repair and/or inspect several PTAC units (including the unit in question) located at the Property.

15. Upon information and belief, the fire occurred because the subject PTAC unit was defective and/or was negligently installed, and/or serviced.

16. Upon information and belief, the fire may have been caused by a loose connection inside said PTAC unit, which resulted in high-resistance heating condition.

17. Upon information and belief, in 2007, Defendant Carrier recalled approximately 185,000 PTAC and PTHP units due to a fire hazard.

18. Upon information and belief, the PTAC unit in question may have been the subject of said recall.

19. As a direct and proximate result of said fire incident and Defendants' acts and omissions described below, the School was caused serious damage to its business, real property, business property, and incurred substantial incidental and consequential damage, in excess of $112,268.75.

20. Pursuant to the term of the aforementioned insurance policy, on account of said loss, Plaintiff made payments to the School in the amount of $112,268.75.

21. By virtue of the aforesaid payments, pursuant to the aforesaid insurance policy, and by operation of law, Plaintiff is subrogated to the rights of the School with regard to the damage as the result of the fire loss.

### COUNT I: PLAINTIFF v. DEFENDANT D&S
### [NEGLIGENCE]

22. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

23. At all times relevant and material hereto, Defendant D&S owed a duty to the School to exercise reasonable care in performing its work, and to avoid creating the risk of fire.

24. Upon information and belief, the occurrence and subsequent damage as described herein were the direct and proximate result of the negligence, carelessness, and negligent acts and omissions of Defendant D&S in:

> (a) carelessly and negligently installing, maintaining, servicing, repairing and/or inspecting PTAC units at the Property;
>
> (b) causing a loose connection in a PTAC unit;
>
> (c) failing to inspect and diagnose that a PTAC unit contained a loose connection or otherwise was improperly installed;
>
> (d) failing to warn that a PTAC unit contained a loose connection or was otherwise improperly installed;
>
> (e) failing to prevent a PTAC unit from containing a loose connection;
>
> (f) installing maintaining, servicing, repairing and/or inspecting PTAC units in a manner that caused a PTAC unit to generate excessive heat and ignite combustibles;
>
> (g) maintaining, servicing, repairing and/or inspecting PTAC units in a manner that caused a fire;
>
> (h) failing to properly maintain, service, repair and/or inspect a PTAC unit;
>
> (i) failing to perform its work/services with due care;
>
> (j) performing its work/services in a manner that created the risk of fire;
>
> (k) violating and/or failing to comply with applicable codes, laws, regulations, and industry standards;
>
> (l) failing to properly hire, train, supervise and/or oversee its personnel and subcontractors;
>
> (m) failing to exercise reasonable care and skill by creating, failing to eliminate or permitting the existence of a dangerous condition which subjected the Property to an unreasonable risk of damage; and
>
> (n) causing a fire.

25. The negligence and carelessness of the agents, servants, workmen and/or employees of Defendant D&S which occurred within the course and scope of said employment and/or agency with Defendant D&S is imputed upon Defendant D&S and said Defendant is liable for same.

26. Upon information and belief, the occurrence and subsequent damage as described herein were the direct and proximate result of said negligence and carelessness.

**WHEREFORE**, Plaintiff, as subrogee of the School, demands judgment in its favor and against Defendant D&S in the amount of $112,268.75, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

### COUNT II: PLAINTIFF v. DEFENDANT D&S
### [BREACH OF CONTRACT]

27. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

28. Pursuant to the express and implied terms of the contract between the School and Defendant D&S, Defendant D&S was obligated to perform, without limitations, its work/services free from defects, utilizing its best skills and efforts and without creating the risk of harm.

29. By committing the acts and omissions described above, Defendant D&S' materially breached said contract.

30. Upon information and belief, the occurrence and subsequent damage as described herein were the direct and proximate result of said breach of contract.

**WHEREFORE**, Plaintiff, as subrogee of the School, demands judgment in its favor and against Defendant D&S in the amount of $112,268.75, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT III: PLAINTIFF v. DEFENDANT D&S
## [BREACH OF WRRANTY]

31. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

32. Defendant D&S knew or should have known that the School was relying upon said Defendant's superior knowledge, skill and expertise in conducting its work/services.

33. Defendant D&S expressly and/or impliedly warranted and represented that it was skilled in installing, maintaining, servicing, repairing, and inspecting PTAC units.

34. The School had a right to rely, and did rely, on the expertise and knowledge of Defendant D&S in performing said work.

35. By undertaking to perform said work/services, Defendant D&S expressly and/or impliedly warranted that:

    (a) its work would be performed in a good and workmanlike manner;

    (b) its work would be performed with ordinary skill, due diligence and good judgment; and

    (c) its work would be in conformity with standard industry practices.

36. Defendant D&S, by and through its employees, agents, servants, representatives and/or subcontractors, breached its express and/or implied warranties as the result of the acts and omissions, as previously set forth and incorporated herein by reference.

37. Upon information and belief, the occurrence and the subsequent damage as described herein were the direct and proximate result of said breach of warranties.

**WHEREFORE**, Plaintiff, as subrogee of the School, demands judgment in its favor and against Defendant D&S in the amount of $112,268.75, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

Page **6** of **9**

## COUNT IV: PLAINTIFF v. DEFENDANT CARRIER
## [STRICT LIABILITY]

38. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

39. Upon information and belief, Defendant Carrier produced, manufactured, sold, distributed and/or placed in the stream of commerce the subject PTAC unit that was not reasonably fit, suitable, and safe when used for its intended or reasonably foreseeable purposes.

40. Upon information and belief, at all times relevant and material hereto, the subject PTAC unit was used for its intended or reasonably foreseeable purposes.

41. Therefore, Defendant Carrier is strictly liable.

**WHEREFORE**, Plaintiff, as subrogee of the School, demands judgment in its favor and against Defendant Carrier in the amount of $112,268.75, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT V: PLAINTIFF v. DEFENDANT CARRIER
## [NEGLIGENCE]

42. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

43. At all times relevant and material hereto, Defendant Carrier owed a duty to exercise reasonable care in manufacturing, designing and placing in the stream of commerce products that are safe and do not pose a fire hazard.

44. Upon information and belief, the occurrences and the subsequent damage as described herein were the direct and proximate result of the negligence, carelessness, and negligent acts and omissions of Defendant Carrier in:

    (a) carelessly and negligently manufacturing, producing, designing and fabricating the subject PTAC unit;

(b) manufacturing, producing, designing, distributing and/or selling a defective product;

(c) failing to manufacture, produce, design and fabricate its products with care;

(d) failing to provide adequate warning for its products; and

(e) violating and/or failing to comply with applicable codes, laws, regulations, industry standards with respect to designing and manufacturing PTAC units.

45. The negligence and carelessness of the agents, servants, workmen and/or employees of Defendant Carrier which occurred within the course and scope of said employment and/or agency with Defendant Carrier is imputed upon Defendant Carrier and said Defendant is liable for same.

46. Upon information and belief, the occurrence and subsequent damage as described herein were the direct and proximate result of said negligence and carelessness.

**WHEREFORE**, Plaintiff, as subrogee of the School, demands judgment in its favor and against Defendant Carrier in the amount of $112,268.75, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

### COUNT VI: PLAINTIFF v. DEFENDANT CARRIER
### [BREACH OF WARRANTY]

46. Plaintiff incorporates the allegations of all previous paragraphs hereof as though same were fully set forth at length herein.

47. For the reasons set forth above, Defendant Carrier breached express and implied warranties with respect to the subject PTAC unit, including but not limited to implied warranties of merchantability and implied warranties of fitness for particular purpose.

48. Upon information and belief, the occurrence and the subsequent damage as described herein were the direct and proximate result of said breach of warranties.

**WHEREFORE**, Plaintiff, as subrogee of the School, demands judgment in its favor and against Defendant Carrier in the amount of $112,268.75, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

Dated: 9/26/13

By: /s/ Patrick Thurman

Patrick Thurman, BPR No. 22311
Law Office of Patrick Thurman
P.O. Box 330433
Nashville, TN 37203
P: (615) 679-4257
F: (615) 369-8635
*patrick@patrickthurmanlaw.com*

209 10th Avenue South
Cummins Station
Suite 504
Nashville, TN 37203

*Attorney for Plaintiff*

*Of Counsel:*

Vlad Kushnir, Esq.
(To be admitted *Pro Hac Vice*)
**VB Kushnir, LLC**
1735 Market Street | Suite 3750
Philadelphia, PA 19103
P: 267-507-6078 | F: 888-470-2704
vk@vbklaw.com