## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| HANOVER AMERICAN INSURANCE ) <br> COMPANY A/S/O CHRISTIAN ) <br> EDUCATION INC./EZELL-HARDING ) <br> CHRISTIAN SCHOOL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DILLINGHAM & SMITH ) <br> MECHANICAL ) <br> AND SHEET METAL CONTRACTORS ) <br> D/B/A " DILLINGHAM & SMITH" ) <br> and CARRIER CORPORATION ) <br> ) <br> Defendants. ) | No. 3:13-CV-1078 <br> District Judge Aleta A. Trauger <br><br> JURY TRIAL DEMANDED |

## CASE MANAGEMENT ORDER

The parties jointly submit this Proposed Case Management Order.

A. JURISDICTION: All parties agree that the Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: This is a subrogation action brought by an insurance carrier. Plaintiff provided insurance coverage to a private Christian school located in Antioch, Tennessee. On April 10, 2012, the school property was damaged because of a fire accident. Plaintiff's experts believe that the fire originated in a packaged terminal air conditioner (PTAC) located in a classroom. With respect to Defendant Dillingham & Smith, Plaintiff alleges that said Defendant negligently installed/serviced the subject PTAC in that a loose connection was

created which, in turn, generated high-resistance heating conditions. With respect to Defendant Carrier Corporation, Plaintiff alleges that the subject PTAC may have been improperly designed or manufactured by said Defendant. In fact, upon information an belief, the PTAC may have been the subject of a large product recall due to potential fire hazards.

2) DEFENDANT DILLINGHAM & SMITH MECHANICAL AND SHEET METAL CONTRACTORS, LLC: Dillingham & Smith Mechanical and Sheet Metal Contractors, LLC ("D&S") denies liability to the Plaintiff under any cause of action arising from work performed by D&S at Ezell-Harding Christian School (the "School"). D&S is in the business of, among other things, providing HVAC (heating, ventilating, and air conditioning), refrigeration, plumbing, and preventive maintenance services. D&S previously performed work at the School on an as-needed basis. However, D&S has never entered into a contract with the School in relation to ongoing maintenance of the School's HVAC systems. Upon information and belief, D&S installed a Carrier packaged terminal air conditioner ("PTAC") unit in Room 104 of the School on or about September 1, 2006. D&S's records reflect that the serial number of the PTAC unit that it installed in Room 104 is 3206X89511. According to a report by Rimkus Consulting Group, Inc. for the Plaintiff, the serial number of the PTAC unit that allegedly started the fire in Room 104 on or about April 10, 2012 is 2506K67161. Therefore, D&S disputes that it installed the PTAC unit from which the fire is alleged to have originated.

D&S denies that it committed any act or omission that gives rise to a claim against it. Upon information and belief, numerous individuals and entities other than D&S, including but not limited to employees and volunteers of the School, performed work related to PTAC units at the School. D&S therefore disputes any allegation that it caused, created, or is in any way responsible for any condition that is ultimately determined to have been the cause of the fire.

D&S anticipates that discovery will reveal the identity of other individuals or entities (including but not limited to Defendant Carrier Corporation and/or Plaintiff) that may be liable for the damages alleged by the Plaintiff, and, accordingly, has alleged in the sixth Affirmative Defense in its Answer that persons not a party to the present lawsuit caused or may have caused or contributed to the injury or damage for which the Plaintiff seeks recovery.

3) DEFENDANT CARRIER CORPORATION: Carrier Corporation ("Carrier") denies liability to the Plaintiff under any and all causes of action plead against it by plaintiff. Among other things, Carrier is in the business of manufacturing HVAC (heating, ventilating, and air conditioning) systems. The packaged terminal air conditioner ("PTAC") at issue in this case was not in a defective or unreasonably dangerous condition at the time it left Carrier's control. The PTAC unit was not improperly designed or manufactured by Carrier. Carrier has not breached any warranties and, in fact, the warranty claims are inapplicable to this case due to, among other reasons, lack of proper notice and other limitations placed on any alleged warranties. Further, based on the available information, the PTAC unit at issue was not subject to the alleged recall(s) noted in plaintiff's Complaint.

Plaintiff has alleged that the PTAC unit was negligently installed and Carrier has alleged comparative fault against the purported installer and/or entities responsible for maintaining the equipment, including but not limited to the co-defendant. Many of the types of damages apparently being sought by plaintiff are not recoverable against Carrier. Carrier complied with all applicable codes, standards, regulations and statutes applicable to the design and manufacture of the PTAC unit and is entitled to the applicable rebuttable presumption that the product was not in an unreasonable dangerous condition.

Carrier denies that it committed any act or omission that gives rise to a claim against it.

Upon information and belief, other individuals and entities (other than defendants, including but not limited to employees and volunteers of Ezell-Harding Christian School (the "School") may have performed work related to PTAC units at the School. Carrier therefore has reason to believe that the unit, in addition to being improperly installed, may have been unforeseeably, improperly altered or changed. Carrier denies any allegations that it caused, created, or is in any way responsible for any condition that is ultimately determined to have been the cause of the fire. In the event that discovery reveals the identity of other individuals or entities (including the Co-Defendant and/or Plaintiff) that may be liable for the damages alleged by the Plaintiff, comparative fault has and/or may be alleged against those entities and fault may be assigned against them, relieving Carrier of some or all liability.

    C.      ISSUES RESOLVED: Jurisdiction and venue.

    D.      ISSUES STILL IN DISPUTE: All liability and damages issues are yet to be resolved.

    E.      MANDATORY INITIAL DISCLOSURES. Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within fourteen (14) days after the initial case management conference.

    F.      DISCOVERY: The parties intend to conduct discovery in relation to each claim and defense that has been asserted in the pleadings. The parties shall complete all written discovery and fact witness depositions on or before **August 31, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including subparts. The parties agree that motions concerning discovery are not to be filed until after the parties have conferred, in good faith, and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the

Judge.

G. MOTIONS TO AMEND: The parties shall file all amendments to pleadings on or before **June 15, 2014**.

H. DISCLOSURE OF EXPERTS: The party bearing the burden of proof on a particular claim or defense must disclose all expert witnesses and expert reports on or before **September 20, 2014**. The party not bearing the burden of proof on a particular claim or defense must disclose any rebuttal expert witnesses and expert reports on or before **October 20, 2014.**

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **November 20, 2014**.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **November 1, 2014**.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 10, 2015**. Responses to dispositive motions shall be filed within twenty (20) days after filing of the dispositive motion. Optional replies may be filed within ten (10) days after the filing of the response. Brief shall not exceed twenty (20) pages. A motion for partial summary judgment may not be filed except upon leave of court. Any party wishing to file a motion for partial summary judgment shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

L. ELECTRONIC DISCOVERY: The parties have reached an agreement on how to conduct electronic discovery. In particular, the parties have agreed that electronically stored information will initially be produced either in a hard copy format or in a compact disc. However, the non-producing party shall have the right to request a copy of the document in its

native format.

      M.      SUBSEQUENT CASE MANAGEMENT CONFERENCE: None

      N.      TARGET TRIAL DATE AND THE EXPECTED LENGTH OF THE TRIAL. The parties propose **APRIL 16, 2015** as the target trial date for this matter. It is anticipated that trial on this matter will last approximately four (4) to five (5) days.

IT IS SO ORDERED.

Entered this 24th day of February, 2014.

_____
HONORABLE ALETA A. TRAUGER
United States District Court Judge

APPROVED FOR ENTRY:

s/ Vlad Kushnir
Vlad Kushnir
VB Kushnir, LLC
1735 Market Street
Suite 3750
Philadelphia, PA 19103
Phone: (267) 507-6078
Fax: (888) 470-2704
vk@vbklaw.com

Attorneys for Plaintiff


s/ Jeffrey S. Price
Jeffrey S. Price         TN BPR No. 019550
Jarrod W. Stone          TN BPR No. 023915
MANIER & HEROD
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219
Phone: (615) 244-0030
Fax: (615) 242-4203
jprice@manierherod.com
jstone@manierherod.com

Attorneys for Dillingham & Smith
Mechanical and Sheet Metal Contractors


s/ John T. Reese
John T. Reese           TN BPR No. 16266
E. Reynolds Davies      TN BPR No. 9946
Belle Meade Center
85 White Bridge Road, Suite 300
Nashville, Tennessee 37205
Telephone: (6l5) 256-8l25
jtreese@dhhrplc.com

Attorneys for Carrier Corporation